# Deaton v. Duff, et al.

(Decided June 19, 1931.)

D. G. BOLEYN for appellant.

HENRY L. SPENCER for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming.

For many years Andrew Stidham and John A. Duff lived adjoining, Duff in Perry county, and Stidham in Breathitt. In 1887, by an act of Legislature, the upper line of Stidham's farm was made the line between Breathitt and Perry county. Stidham died. The appellant, Lulie Deaton, is one of his daughters, and in the division of the farm her share and the shares of some of her brothers were conveyed to her and her husband jointly, embracing that part of the farm lying next to Duff. John A. Duff died, and the appellees, Charlie Duff, etc., became the owners of that part of his farm lying next to the Stidham line. About the year 1925, James Deaton, the husband of Lulie Deaton, cut some timber above the line claimed by the Duffs, and they brought suit against him in the Perry circuit court to recover for the trespass. On January 20, 1927, judgment was rendered in their favor against James Deaton for the land and $300 damages. On May 5, 1927, Lulie Deaton brought this suit against Charley Duff, etc., in the Breathitt circuit court, setting up that she owned the same boundary of land as her husband had claimed in the former action, and praying that her title to this land be quieted, and that the defendants be enjoined from tres-

passing upon it. The defendants answered pleading, in bar of the action, the judgment rendered in the Perry circuit court against James Deaton, and alleging that after that judgment was rendered she had accepted a deed from her husband for the land and was bound by that judgment. They admitted in their answer that she owned the boundary of land described in the petition, but alleged that it did not include the land in controversy, and set up their title to the land lying above the division line between them. Proof was taken, and on final hearing the circuit court dismissed the plaintiff's petition, placing his judgment on the ground that the judgment against James Deaton was conclusive on his wife. She appeals. It is first insisted that the judgment is not supported by the pleadings, as the answer admits the plaintiff's ownership of the land; but the answer, read as a whole, admits only the plaintiff's ownership of the boundary set out in her petition, and alleges, in substance, that this boundary does not include the land in controversy. This was the real issue in the case. There was no question that Mrs. Stidham owned to the line that her father owned to. The only question in the case was the location of the division line. The answer, read as a whole, clearly presents this issue.

It is also insisted that Mrs. Deaton was not bound by the judgment against her husband in the Perry circuit court, as she was not a party to that action, and that she did not in fact accept any deed from her husband after that judgment was rendered, but in fact holds the land as heir of her father and by purchase from her brothers made long before. The court does not find it necessary to decide what was the effect of the former judgment.

Leaving entirely out of view the judgment in the former case, as the action was submitted on the merits on all the proof, the court concludes from the evidence that the action was properly dismissed on the merits, although the circuit court did not rest his judgment on this ground. The weight of the evidence shows that John A. Duff and Andrew Stidham had lived on this land something like forty years; that there was never any dispute between them as to the line, and that the line now claimed by the defendants, and within which the cutting was done, was recognized by both of them as the true line, and the corners marked and well-recognized. In an equity action to quiet title, the burden is on the plaintiff to make out his case by the preponderance of the evi-

dence. This the appellant did not do. The weight of the evidence is with the defendant as to the location of the true line.

Judgment affirmed.